**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CINDY FERNANDEZ, individually and on behalf of a class of similarly situated individuals, | CIVIL ACTION |
| Plaintiff, | Case no. 1:20-cv-02229 |
| v. | JURY TRIAL DEMANDED |
| CCB CREDIT SERVICES, INC. and NISSAN MOTOR ACCEPTANCE CORPORATION, | |
| Defendants. | |

**CLASS ACTION COMPLAINT**

NOW COMES CINDY FERNANDEZ, by her attorney, James C. Vlahakis, and submits the following Class Action Complaint against Defendants CCB CCB CREDIT SERVICES, INC. and NISSAN MOTOR ACCEPTANCE CORPORATION as follows:

**I.  Parties, Jurisdiction and Venue**

1.     Plaintiff brings this civil action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in response to unlawful collection debt collection practices committed by Defendant CCB Credit Services, Inc. ("Defendant CCB").

2.     Plaintiff is a citizen and resident of the State of California.

3.     Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

4.     Defendant CCB is an Illinois corporation and is registered with the Illinois Secretary of State, file no. 44502488. Defendant CCB's registered agent is Donna L. Ragsdale, located at 5300 S 6th St., Springfield, IL 62703.

1

5.      Defendant NISSAN MOTOR ACCEPTANCE CORPORATION ("Defendant Nissan") is a financial services company, and is registered with the Illinois Secretary of State, file no. 52998506. Defendant Nissan's registered agent is Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois. In particular, Defendant CCB is headquartered in this district and conducts business in this district.

7.      This Court has supplemental jurisdiction over Plaintiff's claims brought pursuant to the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*

## II. Summary and Purpose of the FDCPA

8.      The introduction section of the FDCPA contains "Congressional findings" and a "declaration of purpose".  15 U.S.C. § 1692. In particular, § 1692 states as follows:

**(a) Abusive practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b) Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**(d) Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where

> abusive debt collection practices are purely intrastate in
> character, they nevertheless directly affect interstate commerce.
>
> **(e) Purposes**
>
> It is the purpose of this subchapter to eliminate
> abusive debt collection practices by debt collectors, to insure that
> those debt collectors who refrain from using
> abusive debt collection practices are not competitively
> disadvantaged, and to promote consistent State action to
> protect consumers against debt collection abuses.

9.      One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a)

10.     In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

11.     Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

12.     The FDCPA does not condone the failure to pay one's debts but recognizes that most unpaid debts result from unfortunate circumstances that befall debtors. *McMillan v. Collection Professionals*, *Inc.*, 455 F.3d 754, 762 (7th Cir. 2006), quoting 95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

13.     Rather, the FDCPA "is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997).

14.     Accordingly, the FDCPA generally focuses on a debt collector's conduct without regard for the validity of the alleged debt because "[m]eans other than

3

misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

15. Another purpose of the FDCPA is to protect ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

16. Courts construe the provisions of the FDCPA furtherance of the Act's "object and policy." *Sanders v. Jackson*, 209 F.3d 998, 1002 (7th Cir. 2000).

### III. Summary and Purpose of the FDCPA & Statutory Definitions

17. Section 1692a(3) of the FDCPA defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt."

18. Section 1692a(4) of the FDCPA defines the term "creditor" to mean "any person who offers or extends credit creating a debt or to whom a debt is owed[.]"

19. Section 1692a(5) of the FDCPA defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]."

20. Section 1692a(6) of the FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

21. Section 1692a(2) of the FDCPA defines the term "communication" to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium."

4

22.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

23.     Section 1692e(2)(A) of the FDCPA prohibits "[t]he false representation of…the character, amount, or legal status of any debt".

24.     Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

25.     Section 1692f of the FDCPA states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

### IV.  Defendant CCB's Debt Collection Activities

26.     Defendant CCB regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

27.     Defendant CCB's website states it is in the business of "Accounts Receivable Management" and it is an "Industry Leader in Debt Recovery Management":



28.     As depicted on the following page, Defendant CCB's website promotes that it collects receivables in relation to what it terms "AUTOMOTIVE FINANCE SERVICES", and includes the following description of its services:

5



https://ccbcreditservices.com/portfolio-view/automotive-finance-services/

29.     Defendant CCB is a "debt collector" as defined by Section 1692a(6) of the FDCPA because it "regularly collects or attempts to collect debts owed or due or asserted to be owed or due another" by and through Defendant CCB's use of the United States Postal Service to mail debt collection letters to consumers living within this Juridical District and the United States.

30.     Defendant CCB acted as a "debt collector", as this term defined by § 1692a(6), when it mailed letters to Plaintiff attempted to collect a defaulted debt.

31.     As set forth below, while conducting business as a "debt collector", Defendant CCB has violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA by and through the collection letters that is sent to Plaintiff and putative class members.

**V.     Background Facts Relative to the Subject Debt**

32.     Plaintiff is currently a member of the United States military.

33.     Plaintiff incurred a "debt" as this term is defined by Section 1692a(5) of the FDCPA as a result of a transaction Plaintiff entered into Defendant Nissan to finance a Nissan Sentra (at times the debt incurred with Nissan shall be referred to as the "Subject Debt").

34.     Plaintiff submitted payments to Nissan for approximately six (6) months until a loss of income prevented her from making further payments.

35.     The Plaintiff is a "consumer" as defined by Section 1692a(3) of the FDCPA because Defendant CCB regards her as a natural person allegedly obligated to pay a "debt" allegedly owed to Nissan.

### A.  Defendant CCB's March 7, 2019 Collection Letter

36.     On or about March 7, 2019, Defendant CCB mailed a collection letter to Plaintiff's address in Modesto California.

37.     A true and accurate image of the March 7, 2019 letter is depicted as Paragraph 52 of this Complaint:



38.     The March 7, 2019 collection letter is a "communication" as defined in by Section 1692a(2) of the FDCPA because the Collection Letter conveyed information regarding the Subject Debt.

39.     The first two lines of the March 7, 2019, collection letter say:

> This account has been placed with this office for collection.  Kindly submit your payment for the above balance so we can advise your creditor [Nissan Motor Acceptance Corp.] that this account has been paid for in full.

40.     Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the March 7, 2019 collection letter.

41.     The March 7, 2019, collection letter directed payments to CCB Credit Services, Inc. PO Box 272 Springfield IL 62705-0272.

42.     Below the first line of the March 7, 2019, collection letter, Defendant CCB advised Plaintiff of certain statutory rights as required by Section 1692g of the FDCPA.

## B.  Defendant CCB's April 11, 2019 Collection Letter

43.     On or about April 11, 2019, Defendant CCB mailed to Plaintiff's address in Modesto California.

44.     The April 11, 2019 collection letter is a "communication" as defined by Section 1692a(2) of the FDCPA because the Collection Letter conveyed information regarding the Subject Debt.

8

45.     The first lines of the April 11, 2019, collection letter a collection letter to Plaintiff where the letter said "[w]e have an exciting opportunity to discuss with you. *We have been authorized* to settle your account." (Emphasis supplied).

46.     A true and accurate image of the April 11, 2019 letter is depicted as Paragraph 61 of this Complaint:



47.     Defendant CCB's use of the phrase "[w]e have an exciting opportunity to discuss with you. We have been authorized to settle your account" was false, deceptive and misleading, because in reality, Nissan had authorized Defendant CCB to settle the subject account at the time that Defendant CCB the March 7, 2019, collection letter.

48.     The third line of the April 11, 2019 collection letter says, "[h]owever, *we must speak with you* to make the arrangements." (Emphasis supplied).

49.     The April 11, 2019 collection letter further stated, "[t]o take advantage of this opportunity, you must contact our office by telephone within the next 15 days at the number provided below."

50.     The April 11, 2019 collection letter urged Plaintiff to accept the unidentified settlement offer by saying "[p]lease do not miss out on the chance to settle your account."

51.     The April 11, 2019 collection letter stated "[w]e are not obligated to renew this offer."

52.     The April 11, 2019 collection letter did not identify any settlement offer.

### C.  Defendant CCB's May 15, 2019 Collection Letter

53.     On or about May 15, 2019, Defendant CCB mailed a collection letter to Plaintiff's address in Modesto California.

54.     Defendant CCB's May 15, 2019, collection letter started off by saying "[w]e have been authorized to offer you an opportunity to settle your account."

55.     The May 15, 2019 collection letter is a "communication" as defined in FDCPA §1692a(2) because the Collection Letter conveyed information regarding the Subject Debt.

56.     Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the May 15, 2019 collection letter.

10

57.     The May 15, 2019 collection letter warned Plaintiff that payment was required within a twenty (20) day deadline: "[h]owever, we must have your payment within the next twenty days."

58.     A true and accurate image of the May 15, 2019 letter is depicted as Paragraph 73 of this Complaint:



59.     The bottom of the May 15, 2019 collection letter included a detachable payment stub where the total amount due of $12,383.61 was listed alongside the settlement offer of $8,030.17.

60.     Above the part of the detachable payment stub that described the total amount due and the settlement offer, the date of May 15, 2019 was listed.

61.     The date of May 15, 2019, simply indicated the date of the collection letter was sent and was not a payment due date.

62.     In fact, the May 15, 2019 collection letter did not list a specific payment due date by identifying a particular date in the future, such as saying "your payment must be received by June 4, 2019".

63.     Below the above quoted lines, the May 15, 2019 collection letter proposed to reduce the "Total Amount Due" of $13,383.61 by 40% and proposed a "Settlement Offer" of $8,030.17.

64.     The May 15, 2019 collection letter warned Plaintiff that payment could only be sent through an envelope that was enclosed with the May 15, 2019 letter.

65.     According to the May 15, 2019 letter, "[t]o take advantage of this offer, you must return this notice with payment of the settlement amount in the envelope we have provided."

66.     The May 15, 2019 collection letter informed Plaintiff "[w]e are not obligated to renew this offer."

67.     The May 15, 2019 collection did not identify a specific payment date other than to say, "we must have your payment within the next 20 days."

68.     Twenty days from Thursday, May 15 would provide a payment receipt due date of June 4, 2019.

69.     The Court can take judicial notice that twenty (20) days is as short time period to come up with $8,000.

70.     The May 15, 2019 collection letter informed Plaintiff "[w]e are not obligated to renew this offer."

12

71.     The May 15, 2019 collection letter also stated "[i]f you wish to discuss alternative arrangements, please call us immediately."

## VI. Causes of Action

**Count I.      The April 11, 2019 Letter's Use of the Phrase "[w]e have an exciting opportunity to discuss with you. We have been authorized to settle your account" Violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA (Brought Against Defendant CCB)**

72.     Plaintiff CINDY FERNANDEZ restates and incorporates the above Paragraphs as if fully set forth herein.

73.     Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the April 11, 2019 collection letter.

74.     The April 11, 2019 collection letter's use of the phrase "[w]e have an exciting opportunity to discuss with you. We have been authorized to settle your account" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA.

75.     Defendant CCB's use of the phrase "[w]e have an exciting opportunity to discuss with you. We have been authorized to settle your account" constitutes (**a**) false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt, (**b**) constitutes the use of any false representation or deceptive means to collect or attempt to collect the subject debt, and (**c**) constitutes an unfair or unconscionable means to collect or attempt to collect the Subject Debt.

76.     Defendant CCB violated the FDCPA in the manner described above, because in reality, Nissan had authorized Defendant CCB to settle the subject account at the time that Defendant CCB sent the March 7, 2019, collection letter.

77.     Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's FDCPA violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 letter.

**WHEREFORE**, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court:

  a.  Declare that the practices complained of above are unlawful and violate Sections 1692e, e(2)(A), e(10) and f of the FDCPA;
  b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c.  Award Class Members statutory damages; and
  d.  Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II.    The April 11, 2019 Letter's Use of the Phrase "[h]owever, we must speak with you to make the arrangements" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA (Brought Against Defendant CCB)**

78.     Plaintiff CINDY FERNANDEZ restates and incorporates the above Paragraphs as if fully set forth herein.

79.     Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the April 11, 2019 collection letter.

80.     The third line of the April 11, 2019 collection letter says, "[h]owever, *we must speak with you* to make the arrangements." (Emphasis supplied).

81.     The phrase "[h]owever, we must speak with you to make the arrangements" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA.

82.     The phrase "[h]owever, we must speak with you to make the arrangements" constitutes (**a**) false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt, (**b**) constitutes the use of any false representation or deceptive means to collect or attempt to collect the subject debt, and (**c**) constitutes an unfair or unconscionable means to collect or attempt to collect the Subject Debt because Defendant CCB had the authority at to propose a 40% off discount "Settlement Offer" of $8,030.17 – at the time that Defendant CCB mailed the April 11, 2019 collection letter.

83.     Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's FDCPA violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 letter.

**WHEREFORE**, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court:

   a.   Declare that the practices complained of above are unlawful and violate Sections 1692e, e(2)(A), e(10) and f of the FDCPA;
   b.   Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c.   Award Class Members statutory damages; and
   d.   Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III.     The April 11, 2019 Letter's Use of the Phrase "[t]o take advantage of this opportunity, you must contact our office by telephone within the next 15 days at the number provided below" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA (Brought Against Defendant CCB)**

84.     Plaintiff CINDY FERNANDEZ restates and incorporates the above Paragraphs as if fully set forth herein.

15

85.     Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the April 11, 2019 collection letter.

86.     The April 11, 2019 collection letter states, "[t]o take advantage of this opportunity, you must contact our office by telephone within the next 15 days at the number provided below."

87.     The phrase "[t]o take advantage of this opportunity, you must contact our office by telephone within the next 15 days at the number provided below" constitutes (**a**) false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt, (**b**) constitutes the use of any false representation or deceptive means to collect or attempt to collect the subject debt, (**c**) constitutes an unfair or unconscionable means to collect or attempt to collect the Subject Debt and (**d**) constitutes an "unfair or unconscionable means" "to obtain information concerning a consumer."

88.     The phrase "[t]o take advantage of this opportunity, you must contact our office by telephone within the next 15 days at the number provided below" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA because the above quoted language was used to induce consumers like Plaintiff to call Defendant CCB and provided Defendant CCB with a secondary means of contacting consumers by collecting their cell phone numbers.

89.     The phrase "[t]o take advantage of this opportunity, you must contact our office by telephone within the next 15 days at the number provided below" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA because Defendant CCB had the

authority at to propose a 40% off discount "Settlement Offer" of $8,030.17 – at the time that Defendant CCB mailed the April 11, 2019 collection letter.

90. Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's FDCPA violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 letter.

**WHEREFORE**, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court:

    a. Declare that the practices complained of above are unlawful and violate Sections 1692e, e(2)(A), e(10) and f of the FDCPA;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Class Members statutory damages; and

    d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV.** **The April 11, 2019 Letter's Use of the Phrase "[p]lease do not miss out on the chance to settle your account" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA (Brought Against Defendant CCB)**

91. Plaintiff CINDY FERNANDEZ restates and incorporates the above Paragraphs as if fully set forth herein.

92. Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the April 11, 2019 collection letter.

93. The phrase "[p]lease do not miss out on the chance to settle your account" constitutes (**a**) false, deceptive, or misleading representation or means in connection

17

with the collection of the Subject Debt, (**b**) constitutes the use of any false representation or deceptive means to collect or attempt to collect the subject debt, (**c**) constitutes an unfair or unconscionable means to collect or attempt to collect the Subject Debt and (**d**) constitutes an "unfair or unconscionable means" "to obtain information concerning a consumer."

94.    The phrase "[p]lease do not miss out on the chance to settle your account" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA because no offer was actually provided in the body of the letter.

95.    The phrase "[p]lease do not miss out on the chance to settle your account" constitutes an "unfair or unconscionable means to collect or attempt to collect" the Subject Debt and "to obtain information concerning a consumer" because the above quoted language was used to induce consumers like Plaintiff to call Defendant CCB and provided Defendant CCB with a secondary means of contacting consumers by collecting their cell phone numbers.

96.    Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's FDCPA violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 letter.

97.    Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's FDCPA violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 letter.

**WHEREFORE**, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court:

18

a.   Declare that the practices complained of above are unlawful and violate Sections 1692e, e(2)(A), e(10) and f of the FDCPA;

b.   Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.   Award Class Members statutory damages; and

d.   Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V.   The May 15, 2019 Letter's Use of the Statements that "we must have your payment within the next twenty days" and "[t]o take advantage of this offer, you must return this notice with payment of the settlement amount in the envelope we have provided" violate Sections 1692e, e(2)(A), e(10) and f of the FDCPA (Brought Against Defendant CCB)**

98.   Plaintiff CINDY FERNANDEZ restates and incorporates the above Paragraphs as if fully set forth herein.

99.   Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the May 15, 2019 collection letter.

100.   The May 15, 2019 collection letter included the statements "we must have your payment within the next twenty days" and "[t]o take advantage of this offer, you must return this notice with payment of the settlement amount in the envelope we have provided".

101.   The use of the phrase "we must have your payment within the next twenty days" constitutes (**a**) false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt, (**b**) constitutes the use of any false representation or deceptive means to collect or attempt to collect the subject debt, (**c**)

19

constitutes an unfair or unconscionable means to collect or attempt to collect the Subject Debt and (**d**) constitutes an "unfair or unconscionable means" "to obtain information concerning a consumer."

102.    The May 15, 2019 collection letter's use of the phrase "we must have your payment within the next twenty days" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA because judges, attorneys and executives involved in the debt collection industry know that a discounted settlement payment would not be rejected if it were received after an identified deadline and because discounted settlement payment offers are often renewed by debt collectors after a proposed payment deadline has expired.

103.    Defendant CCB's statement that Plaintiff could only "take advantage of this offer" by "return[ing] this notice with payment of the settlement amount in the envelope we have provided" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA because Plaintiff could have written Defendant CCB's address (from the payment section of the May 15, 2019 collection letter) on any generic envelope.

104.    Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's FDCPA violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 letter.

**WHEREFORE**, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of above are unlawful and violate Sections 1692e, e(2)(A), e(10) and f of the FDCPA;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.  Award Class Members statutory damages; and

d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VI.** **The May 15, 2019 Letter's Use of the Phrase "[w]e are not obligated to renew this offer" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA (Brought Against Defendant CCB)**

105. Plaintiff CINDY FERNANDEZ restates and incorporates the above Paragraphs as if fully set forth herein.

106. Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the May 15, 2019 collection letter.

107. The May 15, 2019 collection letter included the statements "[w]e are not obligated to renew this offer."

108. The May 15, 2019 collection letter's use of phrase "[w]e are not obligated to renew this offer" violates Section 1692e of the FDCPA because the phrase constitutes the "false, deceptive, or misleading representation or means in connection with the collection of [a] debt."

109. The May 15, 2019 collection letter's use of phrase "[w]e are not obligated to renew this offer" - violates Section 1692e(2)(A) of the FDCPA because the phrase constitutes "[t]he false representation of . . . the character, amount, or legal status of any debt".

110. The May 15, 2019 collection letter's use of phrase "[w]e are not obligated to renew this offer" Section 1692e(10) of the FDCPA because the phrase constitutes

21

"[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

111.    The May 15, 2019 collection letter's use of phrase "[w]e are not obligated to renew this offer" violates Section 1692f of the FDCPA because the phrase constitutes an "unfair or unconscionable means to collect or attempt to collect any debt."

112.    The May 15, 2019 collection letter's use of phrase "[w]e are not obligated to renew this offer" violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA because the quoted language over-emphasized and amplified Plaintiff's understanding that the settlement offer was truly at time-limited offer.

113.    Defendant CCB's use of the phrase "[w]e are not obligated to renew this offer" violates the FDCPA as recognized in the concurring opinion of Judge Illana Rovner in the case of *Preston v. Midland Credit Mgmt., Inc.*, 948 F.3d 772 (7th Cir. 2020). In Judge Rovner's concurring opinion, she questioned whether the phrase "[w]e are not obligated to renew any offers provided" "actually accommodates the competing goals that the *Evory* court identified." *Preston*, 948 F.3d at 778.

114.    According to Judge Rovner:

> I write separately simply to point out one area in which the clarity from our circuit could be improved regarding the second issue for our review—the matter of safe-harbor language for claims under section 1692e of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.
>
> As section B of the opinion makes clear, in *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007), this court noted the tension between allowing creditors to use persuasive language to recover debts, and protecting unsophisticated consumers from "false, deceptive or misleading representations." *See* 15 U.S.C. § 1692e(2)(A); *Evory*, 505 F.3d at 775-76. In other words, creditors often use language that implies that debtors only have a limited time to take advantage of a settlement offer, when, in fact, most creditors continue to renew their offers, and would be pleased to collect a creditor's money at any time. As the opinion notes, "[t]o accommodate the competing goals of the statute, we fashioned a

22

> safe harbor that would protect the consumer 'against receiving a false impression of his options' while encouraging debt collectors to make settlement offers." *Ante* at 20 (citing *Evory*, 505 F.3d at 775-76). That safe-harbor language is as follows: "We are not obligated to renew this offer."
>
> I have doubts that this language actually accommodates the competing goals that the *Evory* court identified. In fact, the current safe-harbor language emphasizes and amplifies the creditor's message that it is a time-limited offer. The language is no different from the creditors' language of "limited time offer" or a "time sensitive matter," or "act now," and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever. See *Evory*, 505 F.3d at 775. ("The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount"). As such, I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors the goals that the opinion sought. Adding the following two words to the language, undoubtedly would do so more accurately: "We may, but are not obligated to, renew this offer."
>
> * * *
>
> Preston did not raise the question of the safe-harbor language in this case, and therefore this is not the appropriate time to reconsider it, but should it emerge in a future case, I urge the court to reexamine whether this safe-harbor language achieves the intended balance between the interests of creditors and debtors.

*Preston*, 948 F.3d at 778.

115. Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's FDCPA violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 letter.

**WHEREFORE**, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court:

a. Declare that the practices complained of above are unlawful and violate Sections 1692e, e(2)(A), e(10) and f of the FDCPA;

23

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Class Members statutory damages; and

d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VII.   The May 15, 2019 Letter's Use of the Phrase "[i]f you wish to discuss alternative arrangements, please call us immediately" Violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA (Brought Against Defendant CCB)**

116.   Plaintiff CINDY FERNANDEZ restates and incorporates the above Paragraphs as if fully set forth herein.

117.   Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the May 15, 2019 collection letter.

118.   The May 15, 2019 collection letter concluded with the phrase "[i]f you wish to discuss alternative arrangements, please call us immediately".

119.   The May 15, 2019 collection letter's use of phrase "[i]f you wish to discuss alternative arrangements, please call us immediately" violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA because this phrase was used by Defendant CCB to cause a recipient like Plaintiff to believe that the proposed settlement offer was time-sensitive and that an immediate call was necessary to secure alternative payment arrangements.

120.   The phrase "[i]f you wish to discuss alternative arrangements, please call us immediately" violates Sections 1692e, e(2)(A), e(10) and f of the FDCPA because judges, attorneys and executives involved in the debt collection industry know that a

24

debt collector would not reject a consumers attempt to "discuss alternative arrangements" if the consumer did not immediately call the debt collector.

121.    Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's FDCPA violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 letter.

**WHEREFORE**, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court:

      a. Declare that the practices complained of above are unlawful and violate Sections 1692e, e(2)(A), e(10) and f of the FDCPA;

      b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

      c. Award Class Members statutory damages; and

      d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VIII.   Defendant CCB's Violations of the Rosenthal Act**

122.    Plaintiff CINDY FERNANDEZ restates and incorporates the above Paragraphs as if fully set forth herein.

123.    Plaintiff is a "person" and "debtor" as defined by Cal. Civ. Code §§ 1788.2(g)-(h).

124.    The Subject Debt is "debt" as defined by Cal. Civ. Code § 1788.2(d) because both Defendants regard the Subject Debt as due or owing from Plaintiff (a natural person) to Defendant Nissan.

125.    The Subject Debt is "consumer debt" as defined by Cal. Civ. Code § 1788.2(f) because Defendants regard the Subject Debt is as due or owing from Plaintiff (a natural person) by reason of a consumer credit transaction with Defendant Nissan.

126. Defendant CCB is "debt collector" as defined by Cal. Civ. Code § 1788.2(c) because in the ordinary course of its business, it regularly engages in debt collection on behalf of Defendant Nissan and other creditors.

127. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17, states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

128. To the extent that the April 11, 2019 and/or May 15, 2019 collection letters violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA, the collection letters also violated Cal. Civ. Code § 1788.17.

129. Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the April 11, 2019 and May 15, 2019 collection letters and the collection letters attempted to collect consumer debts owed to Defendant Nissan.

130. Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's Rosenthal Act violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 2019 and May 15, 2019 collection letters.

**WHEREFORE**, to the extent Defendant CCB violated Cal. Civ. Code § 1788.17 as a result of it violating Sections 1692e, e(2)(A), e(10) and f of the FDCPA in relation to the

April 11, 2019 2019 and May 15, 2019 collection letters, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court award the following relief against CCB:

    a. Declare that Defendant CCB's wording of on April 11, 2019 2019 and May 15, 2019 collection letters violated Cal. Civ. Code § 1788.17;

    b. Award Plaintiff and the putative class members are entitled to declaratory relief, statutory damages, actual damages and attorney's fees pursuant to Cal. Civ. Code § 1788.30(a), Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.30(c).

**Count IX.    Defendant Nissan's Violations of the Rosenthal Act**

131.    Plaintiff CINDY FERNANDEZ restates and incorporates the above Paragraphs as if fully set forth herein.

132.    Defendant Nissan is a "creditor" as this term is defined by Cal. Civ. Code § 1788.2(i) because it extended credit to Plaintiff.

133.    The RFDCPA applies to creditors. *See, e.g., Thompson v. Chase Bank, N.A.*, 2010 WL 1329061, at *3 (S.D. Cal. March 30, 2010); *Reyes v. Wells Fargo Bank, N.A.*, 2011 WL 30759 (N.D. Cal. Jan. 3, 2011).

134.    Defendant Nissan is "debt collector" as defined by Cal. Civ. Code § 1788.2(c) because in the ordinary course of its business, it regularly engages in debt collection through the use of licensed debt collectors like Defendant CCB.

135.    Defendant Nissan is "debt collector" as defined by Cal. Civ. Code § 1788.2(c) because it engaged in a coordinated effort to collect the Subject Debt from Plaintiff through Defendant CCB as evidenced by Defendant CCB's April 11, 2019, collection letter which states, "[w]e have an exciting opportunity to discuss with you. *We have been authorized* [by Nissan Motor Acceptance Corporation] to settle your account." (Emphasis supplied).

136.   Defendant CCB's April 11, 2019 collection letter also states, "[w]e are not obligated to renew this offer."

137.   This phrase plausibly indicates Defendant Nissan communicated with Defendant CCB relative to any authority Defendant CCB had relative to renewing the April 11, 2019 offer.

138.   Additionally, Defendant CCB's May 15, 2019, collection letter states, "[w]e have been authorized [by Nissan Motor Acceptance Corporation] to offer you an opportunity to settle your account."  (Emphasis supplied).

139.   The May 15, 2019 collection letter also states, "[w]e are not obligated to renew this offer."

140.   This phrase plausibly indicates Defendant Nissan communicated with Defendant CCB relative to any authority Defendant CCB had relative to renewing the May 15, 2019 offer.

141.   To the extent that the April 11, 2019 and/or May 15, 2019 collection letters violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA, the collection letters also violated Cal. Civ. Code § 1788.17 and Defendant Nissan is liable for the contents of the letters that it authorized Defendant CCB to send on its behalf.

142.   Based upon common industry practice and Defendant CCB's concentration in collecting receivables relative to what Defendant CCB has termed as "AUTOMOTIVE FINANCE SERVICES", Defendant CCB has mailed more than forty (40) form collection letters to postal addresses in the State of California in the past year where the form of the collection letter was identical to the April 11, 2019 and May 15, 2019 collection letters and the collection letters attempted to collect consumer debts owed to Defendant Nissan.

28

143.    Plaintiff and others like her who received a similar form letter suffered real harm resulting from Defendant CCB's Rosenthal Act violations because the complained of wording resulted in a false sense of urgency relative the contents of and the instructions contained within the April 11, 2019 2019 and May 15, 2019 collection letters.

**WHEREFORE**, to the extent Defendant CCB violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA, in relation to the April 11, 2019 2019 and May 15, 2019 collection letters, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court:

> a. Declare that Defendant CCB wording of on April 11, 2019 2019 and May 15, 2019 collection letters violated Cal. Civ. Code § 1788.17;
> b. Award Plaintiff and the putative class members are entitled to declaratory relief, statutory damages, actual damages and attorney's fees pursuant to Cal. Civ. Code § 1788.30(a), Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.30(c).

### VIII.   Class Action Allegations Related to the Above Counts

144.    There are common questions of fact between Plaintiff's claims and those of the class because Defendant CCB sent form collection letters to Plaintiff and the putative class member.

145.    Sufficient numerosity exists, because based upon industry standards, it is highly plausible that Defendant CCB sent over forty (40) form collection letters to collect consumer debts owed to Defendant Nissan (as demonstrated by the April 11, 2019 and May 15, 2019, collection letters).

146.    There are common questions of law involving Plaintiff's claims and those of the class The common questions of law are whether Defendant CCB violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA,

147.    Plaintiff and her counsel will fairly and adequately protect the interest of the proposed class members.

148.    The claims brought by Plaintiff are typical of the claims that are being brought on behalf of the proposed class members because the claims are related to form letters used by Defendant CCB to collect consumer debts purportedly owed to Defendant Nissan.

149.    Plaintiff will fairly and adequately protect the interests of the proposed class members.

150.    Plaintiff's counsel will fairly and adequately protect the interests of the proposed class members.

151.    Plaintiff's counsel is an experienced FDCPA litigator who has defended dozens of FDCPA class actions in the past.

152.    As a former FDCPA defense attorney, counsel has successfully presented joint/agreed proposed class action settlements in conjunction with class counsel.

153.    Plaintiff's counsel was appointed to serve on the Steering Committee in the case of *In re: Apple Inc. Device Performance Litigation*, 18-MD-02827 (N.D. Cal.) Dkt. 99 (May 5, 2018, Order Consolidating Related Actions And Appointing Interim Co-Lead Plaintiffs' Counsel And Executive And Steering Committees).  *In re: Apple Inc. Device Performance Litigation* has resulted in a proposed class settlement of between $300 million to $500 million dollars

154.    As counsel for Neal Preston, the undersigned obtained partial reversal of the district court's 12(b)(6) dismissal of  the aforementioned case of *Preston v. Midland.*

30

155.  Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

156.  Because of the expense involved in litigating an individual FDCPA claim, it is unlikely that any putative class member's interests in individually controlling the prosecution of an FDCPA lawsuit would override the efficiency of litigating the illegality of Defendant CCB's conduct in the context of a class action.

157.  Because Defendant CCB utilized a standard form letter and the identity of the putative class members is readily ascertainable, there are no likely difficulties in managing this case as a putative class action.

158.  A class action is a superior method of litigating the illegality of Defendant CCB's conduct, and a class action is manageable.

159.  As to Counts I-IX, the proposed class members can be identified as follows:

**a.  The April 11, 2019 form letter California based class**

All persons, with California mailing addresses, who were sent a collection letter in the same format as April 11, 2019, to collect consumer debts allegedly owed to Nissan Motor Acceptance Corporation where the letters sent to class members included the following phrases – "we must speak with you to make the arrangements", "[t]o take advantage of this opportunity, you must contact our office by telephone within the next 15 days at the number provided below", and "do not miss out on this chance to settle your account" and the collection letters did not contain any settlement proposal.

**b.  The May 15, 2019 form letter California based class**

All persons, with California mailing addresses, who were sent a collection letter in the same format as May 15, 2019, to collect consumer debts allegedly owed to Nissan Motor Acceptance Corporation where the letters sent to class members contained a discounted settlement offer and included the following phrases – "we must have your payment within the next twenty days", "[t]o take advantage of this offer, you must return this notice with payment of the settlement amount in the envelope we have provided", "[w]e

31

are not obligated to renew this offer" and "[i]f you wish to discuss alternative arrangements, please call us immediately."

160. As to Counts I-VII, the proposed class members can be identified as follows:

### c. The April 11, 2019 form letter Illinois based class

All persons, with Illinois mailing addresses, who were sent a collection letter in the same format as April 11, 2019, to collect consumer debts allegedly owed to Nissan Motor Acceptance Corporation where the letters sent to class members included the following phrases – "we must speak with you to make the arrangements", "[t]o take advantage of this opportunity, you must contact our office by telephone within the next 15 days at the number provided below", and "do not miss out on this chance to settle your account" and the collection letters did not contain any settlement proposal.

### d. The May 15, 2019 form letter Illinois based class

All persons, with Illinois mailing addresses, who were sent a collection letter in the same format as May 15, 2019, to collect consumer debts allegedly owed to Nissan Motor Acceptance Corporation where the letters sent to class members contained a discounted settlement offer and included the following phrases – "we must have your payment within the next twenty days", "[t]o take advantage of this offer, you must return this notice with payment of the settlement amount in the envelope we have provided", "[w]e are not obligated to renew this offer" and "[i]f you wish to discuss alternative arrangements, please call us immediately."

161. All of the proposed classes are limited to one year before the filing this Civil Action, and until Defendant CCB stops using the form letters.

162. The proposed classes are subject to modification resulting from motion practice and discovery.

WHEREFORE, Plaintiff CINDY FERNANDEZ respectfully requests that this Honorable Court certify Counts I-IX to provide class action relief to the proposed class members.

**Plaintiff demands trial by jury.**

Respectfully Submitted,

Date: 4/9/2020

*/s/ James C. Vlahakis*
James C. Vlahakis
*Counsel for Plaintiff*
CINDY FERNANDEZ

Sulaiman Law Group, Ltd
2500 S Highland Ave,
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
jvlahakis@sulaimanlaw.com